IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| TAMIKO WALKER,<br>Plaintiff<br><br>v.<br><br>CHECK PLUS SYSTEMS, INC.<br>d/b/a/ CPS SECURITY<br>Defendant | §<br>§<br>§<br>§<br>§<br>§ CIVIL ACTION NO.: 11-61351-CV<br>§<br>§<br>§ |

## MOTION TO DISMISS OF CHECK PLUS SYSTEMS, INC AND MEMORANDUM IN SUPPORT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Check Plus Systems, Inc. d/b/a CPS Security ("CPS") by and through its undersigned attorneys as and for its Motion to Dismiss states as follows:

### I. STANDARD FOR MOTION TO DISMISS

1.01  Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss lies for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). In order to state a claim, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). In reviewing and deciding a motion to dismiss premised on Rule 12(b)(6), " 'the court limits its consideration to the pleadings and exhibits attached thereto.' " *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir.2000) (quoting *GSW, Inc. v. Long Cnty.*, 999 F.2d 1508, 1510 (11th Cir.1993)). In considering such pleadings and exhibits, the Court must accept well-pled factual allegations as true and view the allegations in the light most favorable to the non-moving party. *Castro v. Sec'y of Homeland Sec.*, 472 F.3d 1334, 1336 (11th Cir.2006); *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir.2003).

However, "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. *Ashcroft v. Iqbal,* —— U.S. ——, ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal,* 129 S.Ct. at 1949 (quoting *Bell Atl. Corp.,* 550 U.S. at 570). A claim is facially plausible when the Court can make a reasonable inference based on the facts pled that an opposing party is liable for the alleged misconduct. *Iqbal,* 129 S.Ct. at 1949 (citing *Bell Atl. Corp.,* 550 U.S. at 570). "In evaluating the sufficiency of a plaintiff's pleadings, we make reasonable inferences in Plaintiff's favor, 'but we are not required to draw plaintiff's inference.' " *Sinaltrainal v. Coca-Cola Co.,* 578 F.3d 1252, 1260 (11th Cir.2009) (quoting *Aldana v. Del Monte Fresh Produce, N.A.,* 416 F.3d 1242, 1248 (11th Cir.2005)). "Similarly, 'unwarranted deductions of fact' in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations." *Sinaltrainal,* 578 F.3d at 1260 (quoting *Aldana,* 416 F.3d at 1248 and citing *Iqbal,* 129 S.Ct. at 1951).

1.02   A complaint should be dismissed where the court lacks subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1). Subject matter jurisdiction can be attacked facially or factually. *Lawrence v. Dunbar,* 919 F.2d 1525, 1528–29 (11th Cir.1990). "Facial attacks on the complaint require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Id.* at 1529

## II.     COUNT I OF THE COMPLAINT FAILS TO STATE A CLAIM

2.01    Plaintiff's Complaint alleges in Count I a violation of the meaningful disclosure provision of 15 USC § 1692d. Specifically, § 1692d(6) makes it a violation of FDCPA for a debt collector to "place[] . . . telephone calls without meaningful disclosure of the caller's identity." 15 U.S.C. § 1692d(6). Florida Courts have defined " 'meaningful disclosure' to include disclosure of the caller's name, the debt collection company's name, and the nature of the debt collector's business." *Sclafani v. BC Services, Inc.*, 2010 WL 4116471, at *2 (S.D.Fla. Oct.18, 2010) (citing *Valencia v. Affiliated Group, Inc.*, 2008 WL 4372895, at *3 (S.D.Fla. Sept.23, 2008)); *see also Wright v. Credit Bureau of Georgia, Inc.*, 548 F.Supp. 591, 597 (N.D.Ga.1982) ("the meaningful disclosure required by section 1692d(6) has been made if an individual debt collector who is employed by a debt collection company accurately discloses the name of her employer and the nature of her business and conceals no more than her real name").

2.02    The plaintiff alleges that the following message was left on Plaintiff's phone:

"Gram with CPS Security. Please contact me regarding you recent credit card transaction. I can be reached at 1-877-277-1775. When returning my call please reference ID number 3089963. This is an attempt to collect a debt and any information will be used for that purpose. Again, our number is 1-877-277-1775 and your reference number is 3089963." See Complaint ¶ 10 [Doc. 1].

2.03    In this matter the Plaintiff's allegations establish that the Defendant made meaningful disclosure as defined by rulings from this District. The caller states his name as "Gram", the debt collection company's name "CPS Security" is stated and the nature of the debt collectors business is disclosed by stating that the call involves a "recent credit

3

card transaction" and stating that "This is an attempt to collect a debt". Defendant made meaningful disclosure and Plaintiff has failed to state a claim for relief under Rule 12(b)(6) and this claim should be dismissed with prejudice.

### III.    COUNT II OF THE COMPLAINT FAILS TO STATE A CLAIM

3.01    Plaintiff's Complaint alleges in Count II a violation of the prohibition on harassment under 15 USC § 1692d. Specifically, § 1692d(5) precludes conduct by a debt collector which is harassing, oppressive, or abusive by "causing a telephone to ring or engaging any person in a telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person," Plaintiff has alleged 14 calls over a period from May 28, 2010 through August 3, 2010 (totaling 66 days). See Complaint ¶ 10 [Doc. 1]. Plaintiff never alleges that she ever returned the call or in any way requested that Defendant no longer call.

3.02    Florida District Courts have granted summary disposition in cases with substantially more phone calls in a far shorter period of time. The Court granted Summary Judgment to the collector in *Waite v. Financial Recovery Services, Inc.*, Case No. 8:09-cv-2336-T-33AEP, in which the issue of whether 132 collection calls made to the plaintiff debtor over a nine-month period constituted harassment under 15 U.S.C. § 1692d. *See Waite*, 2010 WL 5209350 (M.D. Fla. Dec. 16, 2010). In granting summary judgment in favor of the debt collector, the court recognized that while it is generally the rule that whether conduct harasses or abuses will be a question for the jury, courts may resolve the question as a matter of law in appropriate cases.  Also in *Tucker v. CBE Group, Inc.*, the court granted summary judgment in defendant's favor where the defendant made 57 calls to a plaintiff, with as many as seven calls per day, to a phone

number assigned to the plaintiff and not to his debtor daughter. See *Tucker v. CBE Group, Inc.*, 710 F. Supp. 2d 1301, 1303 (M.D. Fla. 2010).

3.03. Courts in other jurisdictions have held similarly. In *Carman v. CBE Group, Inc.*, the court granted summary judgment in favor of a defendant who placed 149 telephone calls to the plaintiff during a two-month period. *Carmen v. CBE Group, Inc.*, __ F. Supp. 2d __, 2011 WL 1102842, *4 (D. Kan. 2011). In *Saltzman v. I.C. System, Inc.*, the court held a defendant who placed somewhere between 20 and 50 unsuccessful telephone calls and between 2 and 10 successful telephone calls from approximately November 9, 2008 through December 12, 2008 did not violate the FDCPA. See *Saltzman v. I.C. Sys., Inc.*, 2009 WL 3190359, *6 (E.D. Mich. Sept. 30, 2009).

3.04 Plaintiff's allegations of 14 calls over a 66 day period and no allegation of other purported harassing activity fails to state a claim under 15 USC § 1692d as a matter of law and should be dismissed with prejudice.

## IV. COUNT III OF THE COMPLAINT SHOULD BE DISMISSED FOR LACK OF JURISDICTION

4.01 If the Court grants the Motion to Dismiss the FDCPA claims then the Court cannot hear the TCPA claim, because the Eleventh Circuit has found that state courts have exclusive jurisdiction to hear causes of action arising out of the TCPA's private right of action. *See Nicholson v. Hooters of Augusta*, 136 F.3d 1287, 1289 (11th Cir. 1998), *modified* 140 F.3d 898. As such, there will be no basis for jurisdiction in Federal Court and the TCPA claims should be dismissed.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, the Defendant Check Plus Systems, Inc prays that all relief requested by Plaintiff be denied in all things and that Plaintiff take nothing, that the suit be dismissed with prejudice, that the Court assess costs against Plaintiff, and award Defendant all other relief, in law or in equity, to which it is justly entitled.

Dated: July 13, 2011

          Respectfully submitted,

          JACQUELINE E. CANNAVAN, ESQ.
          JACQUELINE E. CANNAVAN, P.A.
          Attorney for the Defendant
          3440 Hollywood Blvd.,
          Suite 415
          Hollywood, Florida 33021
          (954) 272-2060 phone
          (954) 241-4216 facsimile

BY: _s/ Jacqueline E. Cannavan_
      JACQUELINE E. CANNAVAN, ESQ.
      FBN 0109703

## CERTIFICATE OF SERVICE

I certify that a copy of this Motion to Dismiss and Memorandum In Support was sent via the Court's electronic filing system to Donald A. Yarbrough, Esq., 2000 E. Oakland Park Blvd., Suite 105, P.O. Box 11842, Ft. Lauderdale, FL 33339 on this 13th of July, 2011.

          JACQUELINE E. CANNAVAN, P.A.
          VENTURE CORPORATE PLAZA
          3440 Hollywood Blvd., Suite 415
          Hollywood, Fl 33021
          (954) 272-2060
          (954) 241-4216 (facsimile)

BY: _s/ Jacqueline E. Cannavan_
      JACQUELINE E. CANNAVAN, ESQ.
      FBN 0109703